# Supreme Court of the State of New York
# Appellate Division: Second Judicial Department

D56479
C/htr

_____AD3d_____

Argued - May 10, 2018

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.

---

2016-09117
2016-09119

DECISION & ORDER

The People, etc., respondent, v Andy M. Gayot,
also known as Andrew Gayot, appellant.

RECEIVED BY:
SEP 14 2018
LEGAL AID SOCIETY

(Ind. Nos. 482-14, 462-15)

---

Laurette D. Mulry, Riverhead, NY (Louis E. Mazzola of counsel), for appellant.

Timothy D. Sini, District Attorney, Riverhead, NY (Rosalind C. Gray of counsel), for respondent.

Appeal by the defendant from two judgments of the County Court, Suffolk County (Barbara Kahn, J.), both rendered July 27, 2016, the first convicting him under Indictment No. 482-14 of sex trafficking (two counts), compelling prostitution, promoting prostitution in the second degree (two counts), promoting prostitution in the third degree, strangulation in the second degree, criminal obstruction of breathing, rape in the third degree (two counts), criminal sexual act in the third degree (two counts), endangering the welfare of a child (two counts), criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree (two counts), criminally using drug paraphernalia, and criminal possession of a weapon in the third degree, and the second convicting him under Indictment No. 462-15 of sex trafficking (two counts), promoting prostitution in the second degree, promoting prostitution in the third degree, criminal sexual act in the first degree (two counts), strangulation in the second degree, criminal obstruction of breathing in the second degree, assault in the second degree, assault in the third degree, petit larceny (three counts), and criminal possession of a weapon in the third degree, both after a nonjury trial, and imposing sentences.

ORDERED that the judgments are affirmed.

September 12, 2018

Page 1.

PEOPLE v GAYOT, ANDY M., also known as GAYOT, ANDREW

The defendant contends that the evidence recovered from his home should have been suppressed since there was not a proper basis for a probation search. However, this contention is unpreserved for appellate review because the defendant never moved for such suppression (*see* CPL 470.05 [2]; *People v Watts*, 309 AD2d 628, 629; *People v Hines*, 289 AD2d 40). We decline to review the defendant's contention pursuant to our interest of justice jurisdiction.

The record shows that defense counsel provided meaningful representation to the defendant, and, thus, he was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708; *People v Baldi*, 54 NY2d 137).

The sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80).

SCHEINKMAN, P.J., RIVERA, MILLER and LASALLE, JJ., concur.

ENTER:

*Aprilanne Agostino*
Clerk of the Court

**LEGAL AID SOCIETY OF SUFFOLK COUNTY, INC.**
**APPEALS BUREAU**
Arthur M. Cromarty Court Complex
300 Center Drive
P. O. Box 1697
Riverhead, NY11901-0960

631-852-1650, 1660
Laurette Mulry
Attorney in Charge

September 17, 2018

Andrew Gayot DIN # 16A 3173
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

**Re Indictment # 462-2015; 482-2014**

Dear Mr. Gayot:

    Your letter of September 14, 2018 arrived today as I was in the process of mailing you a copy of the decision affirming your conviction of July 27, 2016 and to your first point, the biggest disappointment is that the court, as is often the case, has provided no insight into the rationale for their decision except to cite cases that purport to support the conclusion they reached.

    Although the Court decided that the issue regarding the legality of the probation search order was not properly preserved for judicial review, it failed to provide any rationale for that decision aside from citing the two 1st Department cases of People v Watts and People v Hines. However, in my opinion, these cases do not clearly articulate the criteria used to determine the issue beyond simply reciting the language of CPL 470.05 (2) that the record failed to establish that "in response to a protest by a party, the court expressly decided the question raised on appeal."

    Moreover, that section of the law also provides that "Such protest need not be in the form of an "exception" but is sufficient if the party made his position with respect to the ruling or instruction known to the court, or if in response to a protest by a party, the court expressly decided the question raised on appeal. I believe that the excerpt from the transcript cited on pages 30 to 34 of the brief should have been sufficient to satisfy the preservation rule. Frankly, it seems to be a convenient way of not deciding the issue.

    In any event, I will be seeking leave to the Court of Appeals on your behalf and as soon as I am notified of the judge assigned, intend to write in support of the application. I will keep you advised as to any developments in that regard.

  Finally, I give a good deal of thought to the development of arguments that I believe will have the best chance of success and admit to a sense of frustration when they are rejected in such an off handed manner. Therefore, your recognition and appreciation of my efforts is certainly appreciated.

Very truly yours,

*[signature]*

Louis E. Mazzola

COUNTY COURT, SUFFOLK COUNTY
STATE OF NEW YORK

Present: <u>HON. BARBARA KAHN, A.J.S.C.</u>

-----------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

                                                     Indictment No. 482A-2014
                                                     & 
                                                     Indictment No. 462-2015

         v.

                                                     Date of Motion: April 16, 2018

ANDY M. GAYOT, A/K/A/
ANDREW GAYOT,

                              Defendant.
-----------------------------------------------------------------X

| HONORABLE TIMOTHY D. SINI | ANDREW GAYOT, *Pro Se* |
|---|---|
| District Attorney of Suffolk County | D.I.N. #: 16-A-3173 |
| Rosalind C. Gray, Esq., *of counsel* | Clinton Correctional Facility |
| Criminal Courts Building | P.O. Box 2001 |
| Riverhead, New York 11901 | Dannemora, New York 12929 |

      This Court has for its consideration a motion by the defendant, submitted pursuant to Criminal Procedure Law §440.10, to vacate the judgement of conviction against him rendered by this Court after trial finding him guilty under Indictment Number 482A-2014 of Sex Trafficking in violation of Penal Law §230.34(1), Sex Trafficking in violation of Penal Law §230.34(5), Compelling Prostitution in violation of Penal Law §230.33, Promoting Prostitution in the Second Degree in violation of Penal Law §230.30(1), Promoting Prostitution in the Second Degree in violation of Penal Law §230.30(2), Promoting Prostitution in the Third Degree in violation of Penal Law §230.25(1), Strangulation in the Second Degree in violation of Penal Law §121.12, Criminal Obstruction of Breathing in violation of Penal Law §121.11(a), two counts of Rape in the Third Degree in violation of Penal Law §130.20(2), two counts of Criminal Sexual Act in the Second Degree in violation of Penal Law §130.40(2), two counts of Endangering The Welfare of A Child in violation of Penal Law §260.10(1), Criminal Possession of a Controlled Substance in the Third Degree in violation fo Penal Law §220.16(1), Criminal Possession of a Controlled Substance in the Fourth Degree in violation of Penal Law §220.09(1), two counts of Criminal Possession of a Controlled Substance in the Seventh Degree in violation of Penal Law §220.03, Criminally Using Drug Paraphernalia in violation of Penal Law §220.50(3) and Criminal Possession of a Weapon in the Third Degree in violation of Penal Law §265.02(1).

The defendant was also found guilty by this Court after trial of Sex Trafficking in violation of Penal Law §230.34(1), Promoting Prostitution in the Second Degree in violation of Penal Law §230.30(1), Promoting Prostitution in the Third Degree in violation of Penal Law §230.25(1), Strangulation in the Second Degree in violation of Penal Law §121.12, Criminal Obstruction of Breathing in violation of Penal Law §121.11(a), Assault in the Second Degree in violation of Penal Law §120.05(2), Assault in the Third Degree in violation of Penal Law §120.00(1), three counts of Petit Larceny in violation of Penal Law §155.25, one count of Criminal Possession of a Weapon in the Third Degree in violation of Penal Law §265.02(1) and Criminal Possession of a Firearm in violation of Penal Law §265.01-b(1) under Indictment Number 462-2015. The People have submitted an affirmation in opposition and a memorandum of law. The motion is determined as follows.

Initially, the Court notes that the defendant has perfected an appeal to the Appellate Division, Second Department. That appeal is presently pending. Defendant moves this Court for an order pursuant to Criminal Procedure Law §440.10 vacating the aforementioned convictions on various grounds. First, the defendant claims to have received the ineffective assistance of counsel. Specifically, defendant argues that his attorneys failed to challenge the validity of the search order executed at his home, properly investigate the circumstances surrounding his arrest and prosecution, and call witnesses to testify on his behalf. Further, defendant claims trial counsel was rushed to prepare for trial and improperly agreed not to cross-examine witnesses regarding their relationship with former Suffolk County Police Commissioner James Burke. Next, defendant argues the People failed to disclose *Rosario* and *Brady* material pertaining to Suffolk County Police Detective Markus Rivera that would have put in question the detective's credibility. Finally, the defendant contends that he has become aware of newly discovered evidence that requires his judgment and convictions be vacated.

As to defendant's first argument in support of his application to vacate his convictions, he claims the representation he received throughout the proceedings falls short of effective assistance of counsel. This Court finds the defendant's arguments to be without merit. The constitutional requirement of effective assistance of counsel is satisfied when "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation (*see* ***People v. Baldi***, 54 NY2d 137 [1981]). In order to prevail on a claim of ineffective assistance of counsel, the defendant must overcome a strong presumption that defense counsel rendered effective assistance; a simple disagreement with strategies, tactics, or the scope of possible cross-examination, weighed long after the conclusion of the case, will not suffice (***People v. Benn***, 68 NY2d 941 [1986]). Indeed, "a reviewing court must avoid confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" (***People v. Baldi***, *supra*). Instead, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings (***People v. Benevento***, 91 NY2d 708 [1998]).

A convicted defendant must show that counsel's performance was so defective to require reversal of a conviction by satisfying a two-part test, "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Second, the defendant must

show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial" (*see* ***People v. Verni***, 35 Misc.3d 1204(A) [Sup.Ct., Queens County, 2012]), *quoting* ***Strickland v. Washington***, 466 US 668 [1984]).

At the early stages of defendant's prosecution Larry E. Flowers, Esq., appeared as retained counsel for the defendant. Mr. Flowers entered a not guilty plea on behalf of the defendant, demanded a jury trial, served the Suffolk County District Attorney's Office with a Demand for Discovery and filed numerous motions seeking suppression of evidence obtained during the search of the defendant's home and his subsequent arrest. Counsel was successful in obtaining hearings to challenge the procedure utilized to identify the defendant, to determine the admissibility of statements made by the defendant to members of law enforcement, and the admissibility of any physical evidence obtained during the search of the defendant's home and his subsequent arrest pursuant to ***Mapp v. Ohio*** (367 US 643 [1961]), ***Dunaway v. New York*** (442 US 200 [1979]); ***People v. Huntley*** (15 NY2d 72 [1965]) and ***United States v. Wade*** (388 US 218 [1967]). Before the pre-trial hearings were held, Mr. Flowers was relieved and Christopher Brocato, Esq., was assigned to represent the defendant pursuant to County Law Article 18-B. Mr. Brocato participated in the suppression hearings held before this Court, during which he vigorously cross-examined witnesses and raised pertinent legal issues. Based upon the foregoing, it is clear the defendant received the effective assistance of counsel throughout the pre-trial proceedings.

Well in advance of trial, Mr. Brocato advised the Court he was unable to continue with his representation of the defendant and Daniel A. Russo, Esq., was assigned to represent the defendant. Defendant alleges that Mr. Russo was given an insufficient period of time to prepare for trial that resulted in an inadequate investigation of the facts and circumstances that gave rise to the charges lodged against him. However, the defendant fails to establish how the investigation conducted by Mr. Russo was deficient. Further, defendant alleges trial counsel's failure to employ an expert witness and subpoena individuals that would provide testimony establishing his innocence renders counsel's performance insufficient.

Specifically, the defendant claims counsel's failure to have Ms. Gorette Goncalves, the defendant's wife and co-defendant, testify at trial amounts to ineffective assistance of counsel. This Court having reviewed the affidavit submitted by Ms. Goncalves and listened to the testimony provided at trial by complainants NN and NS, as well as, Larry Flowers Esq., Kathy Fortune and Langston Griffin, disagrees with defendant. As stated in her afffidavit, Ms. Goncalves did not reside in the home shared by NN, NS and the defendant. She readily admitted that during 2013 she only went to the residence once weekly and on those occasions did not observe the defendant engaging in any criminal activities. Moreover, Ms. Goncalves claims she never observed NN to show any signs of being in fear, or having been threatened, manipulated or otherwise being physically or psychologically abused or forced or intimidated to participate in any activity by Andy Gayot (*see Affidavit of Gorete Goncalves, p. 2*). As such, she would be not have been present in the home occupied by the defendant, NN and NS when the aforementioned offenses occurred. Therefore, she could not provide relevant testimony as to the acts committed by the defendant on a daily basis within that residence. Further, Ms. Goncalves' statements are in direct contrast with the evidence presented by the People during their case in chief. Among other things, numerous photographs were admitted into evidence depicting physical injuries caused to NN by the defendant. Accordingly, the

defendant has failed to sustain his burden of showing how the uncalled witness, Gorete Goncalves, would have assisted in the defendant's defense (*see generally* **People v. Harris**, 131 AD2d 142 [1987]). Finally, defendant has failed to articulate, and this court will not speculate, as to what type of expert he believes counsel failed to employ that would have assisted in the defense.

This Court finds the defendant's arguments to be without merit. Where, as here, the evidence and the circumstances of a particular case reveal that meaningful representation was provided, a defendant's constitutional right to the effective assistance of counsel has been satisfied (*see* **People v. Brown**, 300 AD2d 314 [2002]; *citing* **People v. Satterfield**, 66 NY2d 796 [1985]).

Turning now to defendant's argument that his conviction should be vacated due to newly discovered evidence, namely, Ms. Goncalves' affidavit. Criminal Procedure Law §440.10(1)(g) permits for a judgment of conviction to be vacated when the following requirements pertaining to the newly discovered evidence have been met; "1. It must be such as will probably change the result if a new trial is granted; 2. It must have been discovered since the trial; 3. It must be such as could have not been discovered before the trial by the exercise of due diligence; 4. It must be material to the issue; 5. It must not be cumulative to the former issue; and 6. It must not be merely impeaching or contradicting the former evidence" (**People v. Velazquez**, 143 AD3d 126 [1st Dept 2016]; *quoting* **People v. Deacon**, 96 AD3d 965, 967 [2d Dept 2012], *appeal dismissed* 20 NY2d 1046 [2013]).

Inasmuch as the evidence characterized by the defendant to be newly discovered, namely, the information contained within the affidavit of Ms. Goncalves, fails to meet the statutory requirements as set forth above, the defendant's motion must be denied. The information provided by Ms. Goncalves has not been discovered since the entry of judgment, but rather has been known to the defendant during the pendency of the criminal proceeding. It is evident that the defendant and Ms. Goncalves maintained communications after the date of his arrest wherein they discussed the crimes for which he was charged. This is clear based upon their discussions that included, but were not limited to, devising a plan to persuade witnesses from testifying against him at trial.[1] The Court finds it disingenuous for the defendant to now suggest he was not aware of the information Ms. Goncalves sets forth in her affidavit. Further, the Court is of the opinion the defendant, aware of the contents of Ms. Goncalves' affidavit, made a conscious decision to preclude it from the evidence he presented at trial. In any event, if this evidence was found to be newly discovered, it would nonetheless not justify vacating the defendant's conviction. The evidence is not of such character as to create a probability that had it been received at the trial the verdict would have been more

---

[1] Gorete Goncalves was charged jointly with the defendant under Indictment Number 671-2016 with Bribing a Witness in violation of Penal Law §215.00[a], Bribing a Witness in violation of Penal Law §215.00[b], Tampering With a Witness in the Fourth Degree in violation of Penal Law §215.10[a], two counts of Conspiracy in the Fifth Degree in violation of Penal Law §105.05(1) and Conspiracy in the Sixth Degree in violation of Penal Law §105.00. She pleaded guilty to Bribing a Witness in violation of Penal Law §215.00[a] and was sentenced to a period of interim probation. Goncalves successfully completed interim probation and was thereafter permitted to withdraw her plea of guilty and enter a plea of guilty to Disorderly Conduct in violation of Penal Law §240.20(7).

favorable to the defendant (*see Criminal Procedure Law* §440.10(1)[g]; *c.f. **People v. Hargrove**,* 162 AD3d 25 [2018]).

Finally, defendant claims that the trial prosecutor failed to disclose Detective Markus Rivera's alleged involvement in a "cover-up" involving criminal activities of former Police Commissioner James Burke and evidence that former Commissioner Burke more than likely solicited sex from NN. Defendant alleges these ***Brady*** and ***Rosario*** violations require that his conviction be vacated (*see **Brady v. Maryland**,* 373 US 83 [1963]; *see **People v. Rosario**,* 9 N.Y.2d 286, *rearg. denied*, 9 N.Y.2d 908, *cert. denied*, 368 U.S. 866 [1961], *rearg. denied*, 14 N.Y.2d 876 [1964]). The Court rejects defendant's argument as there is no evidence supporting his contention that the People withheld any information pertaining to Detective Markus Rivera or James Burke. It is pure speculation by the defendant that James Burke solicited the services of NN or NS and Detective Rivera was assisting in the execution of the search order at the defendant's residence in order to prevent evidence of this activity from being discovered. As such it cannot be said the People violated the requirements of *Brady* thereby warranting the conviction be vacated.

Based on the sum of the foregoing the defendant's motion is denied in all respects.

The foregoing shall constitute the decision and order of the Court.

Dated: 7-23-19

BARBARA KAHN, A.J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : SECOND DEPARTMENT

September 13, 2018

Andy M. Gayot , #16A3173
Clinton C.F.
1156 Rt. 374, PO Box 2001
Dannemora, NY 12929

A file has been opened in the case of:

TITLE:  People v Gayot, Andy M. also known as Gayot, Andrew
COURT:  County           COUNTY: Suffolk      PAPER: Order
DATED:  07/23/2018       INDICTMENT NO.: 482/14

This case has been assigned the following number on the docket of this court:

2018-10504

ALL PAPERS AND CORRESPONDENCE RELATING TO THIS MATTER MUST HEREAFTER BEAR THIS CASE NUMBER.

Aprilanne Agostino
Clerk of the Court



**Appellate Division
Supreme Court of the State of New York
Second Judicial Department
45 Monroe Place
Brooklyn, N.Y. 11201
(718) 875-1300**

ALAN D. SCHEINKMAN
PRESIDING JUSTICE

APRILANNE AGOSTINO
CLERK OF THE COURT

MEL E. HARRIS
KAREN HOCHBERG TOMMER
MARIA T. FASULO
DEPUTY CLERKS

DARRELL M. JOSEPH
KENNETH BAND
ASSOCIATE DEPUTY CLERKS

September 17, 2018

Andrew Gayot
16A3173
Clinton C.F.
P.O. Box 2001
Dannemora, N.Y. 12929

Re: 2018-10504
People v Gayot, Andy M. aka Gayot, Andrew
Ind. 482/14 - Appeal from
O - 7/23/2018 - County Suffolk

Dear Sir/Madam:

We have received your application for the following relief:

Motion for leave to appeal to the Appellate Division.

The application will be placed on the motion calendar for **10/01/18.**

Yours truly,

**CLERK'S OFFICE**

---

NOTICE TO:  Timothy D. Sini w/papers

Dear Sir/Madam:

The above mentioned application will be placed on the motion calendar for **10/01/18.**

On or before that date, please furnish the motion clerk with an affidavit expressing your views in this matter.

Yours Truly,

**CLERK'S OFFICE**

*Note to all parties: On the return date all motions and proceedings are deemed submitted.
Oral argument is not permitted (22NYCRR 670.5[b]).*



# Supreme Court of the State of New York
## Appellate Division : Second Judicial Department

M260390
SL/

FRANCESCA E. CONNOLLY, J.

2018-10504

DECISION & ORDER ON APPLICATION

The People, etc., plaintiff,
v Gayot, Andy M., also known as
Gayot, Andrew, defendant.

(Ind. Nos. 482A/14, 462-15)

      Application by the defendant pursuant to CPL 450.15 and 460.15 for a certificate granting leave to appeal to this Court from an order of the County Court, Suffolk County, dated July 23, 2018, which has been referred to me for determination.

      Upon the papers filed in support of the application and the papers filed in opposition thereto, it is

      ORDERED that the application is denied.

FRANCESCA E. CONNOLLY
Associate Justice

February 22, 2019
      PEOPLE v GAYOT, ANDY M., also known as GAYOT, ANDREW

**LEGAL AID SOCIETY OF SUFFOLK COUNTY, INC.**
**APPEALS BUREAU**
Arthur M. Cromarty Court Complex
300 Center Drive
P. O. Box 1697
Riverhead, NY 11901-0960

631-852-1650, 1660
Laurette D. Mulry
Attorney in Charge

October 16, 2018

Hon. Paul G. Feinman
Judge of the Court of Appeals
Court of Appeals Hall
20 Eagle Street
Albany, New York 12207-1095

        **Re: People v. Andrew Gayot a/k/a Andy Gayot**
        **Ind. Nos. 0482-2014 and 0462-2015**

Dear Judge Feinman:

    This letter is submitted in support of the application made by appellant, Andrew Gayot, for leave to appeal to the New York Court of Appeals from an order of the Appellate Division, Second Department, dated August 23, 2016, which affirmed appellant's convictions. Enclosed is a copy of the decision of the Appellate Division.

    Appellant's argument to the Appellate Division centered upon the refusal of the hearing/trial court to permit defense counsel to inquire into the facts and circumstances surrounding the execution of a probation search order which was nominally directed against a misdemeanor probationer occupying a room in appellant's house. Appellant asserted on appeal that had the hearing/trial court permitted defense counsel to pursue his inquiry regarding the circumstances surrounding the issuance of the search order, it would have become obvious that appellant was the true target of the search. Indeed, appellant asserted that later testimony during the trial tended to bear this out.

    Appellant was placed under arrest during the execution of a probation search order following which the People secured two additional search warrants, presumably based upon what was recovered during the execution of the probation search order. Appellant therefore also asserted that the failure of counsel to properly raise an issue which was the best, if not the only, defense to the multiple count indictment constituted ineffective assistance of counsel.

    Appellant was represented by three separate attorneys during his prosecution. The first was retained and the last two were assigned. His first attorney, who represented him on his first indictment (482A-2014) made application for, among other things, a Mapp hearing. However, he neglected to provide a sworn affidavit from appellant containing allegations of fact required to support a challenge to the search order. Instead, appellant's affidavit appended to his Omnibus

motion simply contained the conclusory statement that "It is my understanding from my attorney, that the arrest was without probable cause and in violation of the defendant's constitutional Rights..." Either defense counsel never discussed the circumstances of his arrest with appellant and if he did, failed to realize the importance of his having been arrested inside his home during the execution of a search order issued against appellant's tenant. More likely, appellant's first attorney was simply unaware of the requirement of CPL 710.60 (3)(b) that he support his motion with "sworn allegations of fact."

Nevertheless, the People's response to the first attorney's motion revealed that "... said arrest was the result of the execution of a lawfully obtained probation Search Order...on the home of Brandon Fortune." The People also stated that "At no point ...does Defense counsel make reference to any sworn affidavit or sworn allegations from defendant to support his motion for a Dunaway/Mapp hearing, though a sworn affidavit is attached thereto." Apparently, appellant's first attorney still failed to realize the importance of having a "sworn affidavit of facts" or he simply neglected his responsibility to do so because shortly after receiving the reply, he was relieved as counsel when appellant was indicted on new charges related to the original charges.

As a result, the Court's decision on the Omnibus motion was that "The branch of the defendant's motion which seeks suppression of physical property recovered, is granted to the extent that a Mapp hearing is to be held prior to trial to determine the admissibility of any property recovered from the defendant subsequent to his arrest that was not recovered pursuant to a search warrant." Enclosed is a copy of the motion court's decision.

Within days of the motion court's decision, appellant was charged under an additional indictment concerning the same matter and when his first attorney was relieved, his second attorney represented him at the suppression hearing. During that hearing, counsel made several attempts to inquire into the circumstances of the initial search of appellant's home pursuant to the search order. However, his attempts to press the issue by questioning the basis for the search order were objected to as irrelevant because the search order had never been controverted by appellant's first attorney. When defense counsel asserted appellant's fourth amendment expectation of privacy in his own bedroom, the court repeatedly ruled the issue irrelevant, stating that it was long past the time when it would be appropriate to raise that issue.

Appellant now maintains that the Appellate Division was mistaken when it ruled that the issue concerning the search order as applied to appellant was unpreserved for appellate review. In support of its ruling, the Court cites *People v Watts*, 309 AD2d 628 and *People v Hines*, 289 AD2d 40. However, neither of these cases support such a conclusion and bear no relationship to the facts in appellant's case. Here, counsel who conducted the hearing made his position with respect to the court's ruling known to the hearing court which repeatedly ruled that any questions regarding the initial search of the premises were outside the subject matter of the hearing. (Hearing transcript at pages 40,41 and 47 through 51). Thus, although appellant's first counsel failed to comply with the requirements of CPL 710.60 (3)(b) when he failed to provide sworn allegations of fact to support his request for a hearing with respect to the initial search, his second counsel surely preserved this issue when he sought to inquire into the circumstances surrounding the issuance of the probation search order. Moreover, the cases cited in the Appellate Division's decision do not clearly articulate the criteria used to determine the issue

beyond simply reciting the language of CPL 470.05 (2) that the record failed to establish that "in response to a protest by a party, the court expressly decided the question raised on appeal."

Surely, appellant's defense should not have been burdened by his first attorney's failure to allege the existing factual basis which under the statute would have entitled him to challenge the probation search. Nevertheless, appellant's additional argument to the Appellate Division was that should the court have found that the issue was unpreserved, there being no strategic reason for not challenging the search order, that failure of his first attorney to raise such a crucial issue in appellant's defense meant that he was denied the effective assistance of counsel.

As to the issue of ineffective assistance of counsel, the court merely concluded, without explanation, that "the record shows that defense counsel provided meaningful assistance to the defendant, and, ts he was not deprived of the effective assistance of counsel (See *People v Benevento*, 91 NY2d 708 and *People v Baldi*, 54 NY2d 137)." However, neither of these cases support the conclusion that defense counsel provided meaningful representation to the defendant.

Under the circumstances of this case, there was no legitimate reason for not seeking the suppression of the physical evidence seized from appellant's home. Indeed, appellant's strategy as outlined in the Omnibus motion made by his first attorney, was an attempt to accomplish just that purpose. However, it also shows that appellant's first attorney lacked an understanding of what was required in order to carry out that strategy. Indeed, even after being placed on notice by the prosecutor's reply to his motion, appellant's attorney still failed to recognize the necessity of providing the sworn allegations of fact necessary to warrant such a hearing. Given the facts of this case, suppression was a valid strategy which only went awry because it was ineffectively employed.

Accordingly, it is respectfully requested that this Court grant appellant's application for leave to appeal.

Respectfully submitted,

Louis E. Mazzola

CC: Suffolk County District Attorney
     Appellant

# State of New York
# Court of Appeals

BEFORE: HONORABLE PAUL G. FEINMAN
Associate Judge

RECEIVED BY:
NOV 1 9 2018
LEGAL AID SOCIETY

---

THE PEOPLE OF THE STATE OF NEW YORK,

                              Respondent,

-against-

ANDY M. GAYOT, a/k/a ANDREW GAYOT,

                              Appellant.

**ORDER DENYING LEAVE**

---

Appellant having applied for leave to appeal to this Court pursuant to Criminal Procedure Law § 460.20 from an order in the above-captioned case;*

UPON the papers filed and due deliberation, it is

ORDERED that the application is denied.

Dated: November 15, 2018

                                                           */s/ Paul G. Feinman*

                                                               Associate Judge

*Description of Order: Order of the Appellate Division, Second Department, dated September 12, 2018, affirming the judgments of County Court, Suffolk County, rendered July 27, 2016.

# LEGAL AID SOCIETY OF SUFFOLK COUNTY, INC.
## APPEALS BUREAU
Arthur M. Cromarty Court Complex
300 Center Drive
P. O. Box 1697
Riverhead, NY 11901

631-852-1650, 1660

Laurette D. Mulry
Attorney in Charge

November 20, 2018

Andrew Gayot, DIN #16A3173
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

Re: Ind. #462-2015, 482-2014

Dear Mr. Gayot:

    I regret to inform you that Associate Judge, Paul G. Feinman, has denied our application for permission to continue your appeal in that court. Enclosed herewith is a copy of the Certificate Denying Leave.

    I have now appealed your case through all the appellate courts of the State of New York and my representation has concluded. If you wish to pursue an appeal to the federal courts, write directly to the Pro Se Clerk, U.S. District Court, Eastern District, 225 Cadman Plaza East, Brooklyn, New York, and ask for information on how to proceed.

    There is another course of action which you may wish to look into, an application for Executive Clemency. Write to the Governor of the State of New York, State Capitol, Albany, New York, 12224 for information on how and when to apply.

    I wish you good luck in your efforts.

Very truly yours,

Louis E. Mazzola, Esq.
Appeals Bureau

LEM:cv
Enclosure